**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| POPSOCKETS LLC<br><br>Plaintiff,<br><br>v.<br><br>QUEST USA CORP. and ISAAC SROUR<br><br>Defendants. | Case No.<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, PopSockets LLC ("PopSockets"), by and through its undersigned attorneys, for its Complaint for Patent Infringement against Defendants Quest USA Corp. ("Quest USA") and Isaac Srour ("Srour") (collectively, "Defendants"), hereby alleges:

### INTRODUCTION

1. PopSockets is one of the nation's leading providers of grips and clip accessories for handheld electronic devices and its products are, and for several years have been, sold in stores and online throughout the country.

2. Quest USA was formed in 2013 in the State of New York.

3. Isaac Srour is and has been a substantial owner, manager, and President of Quest USA.

4. On information and belief, Defendants have made unauthorized use of PopSockets' patented technology by importing, making, using, selling, and/or offering for sale infringing products covered by the patent-in-suit.

## NATURE OF THE CASE

5.	This action arises under the patent laws of the United States, 35 U.S.C. § 271 for Defendants' infringement of U.S. Patent No. 10,054,259.

## THE PARTIES

6.	PopSockets is a corporation organized under the laws of Colorado with its corporate headquarters and principal place of business at 3033 Sterling Circle, Boulder, Colorado 80301.

7.	Quest USA is a corporation organized under the laws of the State of New York and has its principal place of business at 495 Flatbush Ave., Brooklyn, New York 11225. Based upon representations made by counsel for Quest USA, Quest Basics, LLC is not a proper party to this action.

8.	Srour has a residence in Brooklyn, New York 11223-3241.

## JURISDICTION AND VENUE

9.	The action arises under the patent laws of the United States, 35 U.S.C. § 271 *et seq*. The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

10.	Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b) because Defendants reside in this District, have committed acts of infringement in this District, and have a regular and established place of business in this District.

11.	Personal jurisdiction exists over Defendants because: (1) Defendants are incorporated, have their principal places of business, and/or otherwise reside in this District, (2) Defendants regularly conduct business in this District and throughout this State, and (3) Defendants have committed, and continue to commit, acts of patent infringement, and/or induced acts of patent infringement by others, in this District and throughout this State.

**FACTUAL BACKGROUND**

**THE 10,054,259 PATENT**

12. PopSockets is the assignee, and the sole and exclusive owner of all right, title, and interest in the United States Patent No. 10,054,259 (the "'259 patent"), entitled "Expanding Socket Accessory for Mobile Electronic Device." The '259 patent was duly and legally issued by the United States Patent and Trademark Office on August 21, 2018. A copy of the '259 patent is attached hereto as Exhibit A.

13. Dr. Barnett, a named inventor of the inventions claimed in the '259 patent, is the CEO of PopSockets.

14. PopSockets has been producing a collapsible socket product since 2012. Its product is marketed as a universal phone holder and stand, among other things. PopSockets' collapsible socket product is well-known nationwide, sold online, and carried in retail stores throughout the country such as Target, Walmart, and Best Buy.

15. Since its inception, PopSockets has been recognized and touted by major media outlets. In 2012, National Public Radio (NPR) recognized PopSockets' innovativeness. The Wall Street Journal identified PopSockets' collapsible socket product as the "best" compact "smartphone support" accessory in 2015. USA Today named PopSockets "the coolest tech you have to see" in 2015. PopSockets won the "Fueling Innovation" contest sponsored by Mercedes Benz in 2013, was featured at the 2015 Consumer Electronics Show, and was the first recipient of Kate Galliet's "Fit For Real Life Seal of Approval" award in 2016.

16. On information and belief, Defendants' SpinPop or a similar product ("Accused Product") is marketed as a universal phone holder and stand.

17. On information and belief, Defendants are responsible for making, using, selling, importing, and/or offering for sale the Accused Product.

18. Each Defendant has infringed, is currently infringing, and unless enjoined, will continue to infringe at least claims 1, 12, 20, and 28 of the ’259 patent in this District and elsewhere in the United States by importing, making, using, selling, and/or offering for sale the Accused Product. Examples of Defendants’ infringement of each claim include the importing, making, using, selling, and/or offering for sale the Accused Product.

**Claim 1**

19. The Accused Product infringes at least claim 1 of the ’259 patent, as shown by photographs of the Accused Product adjacent to the text of the claim:

a. An expandable socket for attachment to a portable media player or a portable media player case, the expandable socket comprising:

b. a platform adapted to engage a portion of the portable media player or the portable media player case;



    c.  a skin coupled to the platform, wherein the skin is deformable between a collapsed configuration and an expanded configuration such that when in the collapsed configuration a lock having a locking protrusion is securable within a resilient locking projection on the platform;








    d.  a button coupled to the skin opposite the platform; and

e. a biasing element arranged within the skin between the platform and the button, the biasing element configured to bias the skin into the expanded configuration.

**Claim 12**

20. The Accused Product infringes at least claim 12 of the ’259 patent, as shown by photographs of the Accused Product adjacent to the text of the claim:

a. An expandable socket for attachment to a portable media player or a portable media player case, the expandable socket comprising:



b.  a platform adapted to engage a portion of the portable media player or the portable media player case;



c.  a button that is spaced from and movable relative to the platform;

 

   d.   a biasing element disposed between the platform and the button, the biasing element arranged to bias the button away from the platform;

 

   e.   a skin surrounds the biasing element; and



   f.   a lock configured to releasably secure the button to the platform, wherein the lock comprises a locking projection and a protrusion for releasably securing a collapsed configuration of the socket.

  

**Claim 20**

21. The Accused Product infringes at least claim 20 of the ’259 patent, as shown by photographs of the Accused Product adjacent to the text of the claim:

a. An expandable socket for attachment to a portable media player or a portable media player case, the expandable socket comprising:

b. a platform adapted to engage a portion of the portable media player or the portable media player case;

c. a button that is spaced from and movable relative to the platform;

 

    d. a biasing element disposed between the platform and the button, the biasing element arranged to bias the button away from the platform; and a skin arranged between the platform and the button, wherein the button includes a protrusion releasably engagable to a locking projection defined by the platform.

**Claim 28**

22. The Accused Product infringes at least claim 28 of the '259 patent, as shown by photographs of the Accused Product adjacent to the text of the claim:

a. An expandable socket for attachment to a portable media player or a portable media player case, the expandable socket comprising:



b. a platform adapted to engage a portion of the portable media player or the portable media player case;

c. an elastomeric skin coupled to the platform and having a hollow shape, the skin including at least one folded section and being deformable between a collapsed configuration and an expanded configuration;




    d.  a button coupled to the skin opposite the platform, the button being disposed a first distance from the platform when the skin occupies the collapsed configuration and a second distance greater than the first distance from the platform when the skin occupies the expanded configuration;




    e.  a spring arranged within the skin between the platform and the button, the spring biasing the button away from the platform to urge the skin into the expanded configuration; and



    f.  a lock for selectively coupling the button to the platform such that the skin occupies the collapsed configuration when the button and platform are coupled such that the button includes a protrusion securable to a locking projection fixed to the platform.

  

**COUNT ONE**

**INFRINGEMENT OF THE ’259 PATENT BY QUEST USA**

23. PopSockets hereby incorporates the allegations of paragraphs 1 through 22 of this Complaint as if fully set forth herein.

24. The ’259 patent is valid, enforceable, and legally issued from the United States Patent and Trademark Office.

25. Without a license or permission from PopSockets, Quest USA has infringed, is currently infringing, and unless enjoined will continue to infringe the ’259 Patent in violation of 35 U.S.C. § 271.

26. Quest USA has directly infringed the ’259 patent by importing, making, using, selling, and/or offering for sale the Accused Product.

27. On information and belief, at least as of the date of this Complaint, Quest USA has willfully infringed and continues to willfully infringe the ’259 patent despite knowledge of the ’259 patent and despite an objectively high likelihood that the making, using, selling, offering for sale, or importing of the Accused Products would infringe one or more claims of the ’259 patent.

28. On information and belief, at least as of the date of this Complaint, Quest USA knew or should have known, that its acts would result in the actual infringement of one or more of the claims of the ’259 patent, and thereby intended such infringement.

29. As a direct and proximate consequence of Quest USA's infringement of the '259 patent, PopSockets has suffered and will continue to suffer irreparable injury and damages, in an amount that an award of money would never be adequate to fully remedy, for which PopSockets is entitled to relief. PopSockets seeks damages, as well as injunctive relief against further infringement.

**COUNT TWO**

**INFRINGEMENT OF THE '259 PATENT BY SROUR**

30. PopSockets hereby incorporates the allegations of paragraphs 1 through 29 of this Complaint as if fully set forth herein.

31. On information and belief, Srour actively assisted with Quest USA's infringement of the '259 patent and is liable for inducing infringement.

32. On information and belief, as the President and substantial owner of Quest USA, Srour is directly responsible for the day-to-day operations of Quest USA and had knowledge of PopSockets' patented technologies and the '259 patent at least as of the date of service of this Complaint in this action. Despite such knowledge and awareness, on information and belief, Srour intentionally directed Quest USA to perform the actions giving rise to Quest USA's infringement of the '259 patent.

**PRAYER FOR RELIEF**

PopSockets respectfully requests that the Court enter judgment against Defendants as follows:

A. The '259 patent has been and is infringed by each Defendant;

B. Each Defendant's infringement of the '259 patent has been and is willful;

C. A preliminary and permanent injunction against further infringement of the '259 Patent;

D. An award of damages not less than a reasonable royalty, or lost profits, together with pre-judgment and post-judgment interest; to compensate for Defendants' infringement of the '259 patent as allowed by law;

E. An award to PopSockets for enhanced damages resulting from the knowing, deliberate, and willful nature of Defendants' unlawful conduct, as provided under 35 U.S.C. § 284;

F. A determination that this is an exceptional case within the meaning of 35 U.S.C. § 285 and an award to PopSockets of its costs, expenses, and reasonable attorneys' fees incurred in this action; and

G. Such other equitable or legal relief as this Court deems just and proper under the circumstances.

Date: October 3, 2018

Respectfully submitted,

By: s/ *Marc J. Rachman*
Marc J. Rachman
DAVIS & GILBERT LLP
1740 Broadway
New York, New York 10019
T: 212.468.4890
F: 212.468.4888
E: mrachman@dglaw.com

*OF COUNSEL*
Benjamin T. Horton (*Pro Hac Vice* to be filed)
Tiffany D. Gehrke (*Pro Hac Vice* to be filed)
MARSHALL GERSTEIN & BORUN LLP
6300 Willis Tower
233 S. Wacker Dr.
Chicago, IL  60606
T: 312.474.6300
F: 312.474.0448
E: bhorton@marshallip.com
E: tgehrke@marshallip.com

*Attorneys for Plaintiff PopSockets LLC*